THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RALPH FOX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-1245 |
| | § | |
| TURNER'S HVAC SYSTEMS, LLC, | § | |
| dba HVAC SYSTEMS, SCOTT | § | |
| TURNER, INDIVIDUALLY, and | § | |
| MICHELLE TURNER, INDIVIDUALLY, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY OF SUIT

1.  Defendant Turner's HVAC Systems, LLC, dba HVAC Systems (the "Company") services, repairs and maintains commercial and residential heating, cooling and refrigeration systems in and around the greater Houston metropolitan area.  The Company is owned and operated by Scott Turner ("S. Turner") and Michelle Turner ("M. Turner") (collectively, the "Turners").  Reference to the "Defendants" is to the Company and the Turners, collectively. Unfortunately, the Defendants did not pay their non-exempt employee, Ralph Fox (the "Plaintiff"), time and one-half overtime wages for all hours worked over forty (40) per workweek.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction under 29 U.S.C. § 216(b)(2020) and 28 U.S.C. § 1331 (2020).

3.  The Plaintiff brings this Complaint in a district in which the Company does business.  As such, venue is proper in this

district pursuant to 28 U.S.C. § 1391(b)(2020).

<u>THE PARTIES</u>

4.   The Plaintiff was employed by the Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint.   In performing his duties for the Defendants, the Plaintiff engaged in commerce or in the production of goods for commerce.

5.   The Company, an enterprise engaged in commerce, is a domestic limited liability company who has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.   The Company may be served with process by serving its registered agent, Scott Turner, at 13531 Perry Road, Houston, Texas 77070.

6.   S. Turner has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.   S. Turner may be served with process at 4524 Holt, Bellaire, Texas 77401.

7.   M. Turner has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.   M. Turner may be served with process at 4524 Holt, Bellaire, Texas 77401.

<u>BACKGROUND</u>

8.   The Company, a large commercial and residential heating, cooling and refrigeration systems enterprise, was established in Southeast Texas in 2009.   The Turners acquired the Company in May of 2017.   Fox began his employment with the Company in July of

2017.

9.     Fox worked for the Company as a heating, ventilation and air conditioning ("HVAC") technician and, from approximately July of 2017 to September of 2019, was compensated at an hourly rate. During that time period, Fox was paid the same hourly rate regardless of the number of hours worked each week, including overtime hours.   In approximately September of 2019, Fox was converted to a salaried employee and paid the same amount each week again regardless of the number of hours worked, including overtime hours.

10.     The Turners have a substantial financial interest in the Company and are directly involved in:

    a.     the hiring and firing of Company employees;

    b.     the day-to-day operations of the Company as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by Company employees;

    c.     the Company's finances; and

    d.     corporate decisions.

11.     As a non-exempt employee, the Plaintiff was entitled to be paid one and one-half (1½) times his regular rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207 (2020).

12.     No exemption excuses the Defendants from paying the Plaintiff  overtime compensation for all hours worked over forty (40) hours each work week.   Nor have the Defendants made a good

faith effort to comply with the FLSA. Instead, the Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding unpaid overtime compensation with respect to the Plaintiff.

CAUSE OF ACTION

A. Unpaid Overtime Compensation

13.   The Plaintiff consistently worked in excess of forty (40) hours per week for which he was not compensated at one and one-half times his regular rate of pay.

14.   As a non-exempt employee, the Plaintiff was entitled to be paid time and one-half for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a) (2020). Accordingly, the Defendants' practice of failing to pay the Plaintiff overtime compensation was and is a clear violation of the FLSA.

15.   No exemption excused the Defendants from paying the Plaintiff time and one-half for hours worked over forty (40) hours. Nor did the Defendants make a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to the Plaintiff.

16.   Accordingly, the Plaintiff is entitled to overtime pay in an amount which is one and one-half times his regular rate of pay.

17.   Additionally, the Plaintiff is entitled to an amount equal to all of his unpaid overtime wages as liquidated damages.

18.    Finally,  the  Plaintiff  is  entitled  to  reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b)(2020).

<u>PRAYER</u>

WHEREFORE, Plaintiff Ralph Fox requests that this Court award him judgment, jointly and severally, against Defendants Turner's HVAC Systems, LLC, dba HVAC Systems, Scott Turner, Individually, and Michelle Turner, Individually, for:

a.    damages  for  the  full  amount  of  his  unpaid overtime compensation;

b.    an  amount  equal  to  his  unpaid  overtime compensation as liquidated damages;

c.    reasonable attorneys' fees, costs and expenses of this action;

d.    pre-judgment  interest  and  post-judgment interest  at  the  highest  rates  allowable  by law; and

e.    such  other  and  further  relief  as  may  be allowed by law.

Respectfully submitted,


/s/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Ave, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF
RALPH FOX

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com